Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Jorge A. Leiva

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jorge A. Leiva,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Financial Recovery Services, Inc.,<br><br>　　　　　Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jorge A. Leiva, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Financial Recovery Services, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

//
//

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of San Pablo, County of Contra Costa, State of California.

11. Plaintiff resides in Contra Costa County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of San Pablo, County of Contra Costa, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in Contra Costa County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of San Pablo, State of California.

16. Defendant is located in the City of Edina, in the State of Minnesota.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before February 10, 2014, Plaintiff is alleged to have incurred certain financial obligations.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before February 10, 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before February 10, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about February 10, 2014, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Defendant's February 10, 2014 letter stated in part, "Client: Resurgent Capital Services LP. Current Creditor: PYOD LLC. Original Creditor: Bank of America, N.A.. Regarding: CR Evergreen II, LLC."

31. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

//
//
//
//
//
//

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

38. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 12, 2014               By: s/ Crosby S. Connolly
                                   Crosby S. Connolly
                                   Attorneys for Plaintiff